**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KEITH THOMPSON,

    Plaintiff,

                                          Case No. 05-CV-72048-DT

v.

                                          HONORABLE DENISE PAGE HOOD

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.

_____/

**ORDER REGARDING POST-JUDGMENT MOTIONS**

This matter is before the Court on Plaintiff's various post-judgment motions. On November 30, 2005, Magistrate Judge Mona K. Majzoub filed a Report and Recommendation recommending that Defendants' Motions to Dismiss should be granted for failure to exhaust administrative remedies. The Court entered an Order accepting the Report and Recommendation on November 30, 2005, along with a Judgment dismissing the case.

On December 2, 2005, an Objection to the Report and Recommendation was filed by Plaintiff. Plaintiff's Proof of Service indicates Plaintiff served the Objections on November 28, 2005. Pursuant to the "prison mail box rule" of *Houston v. Lack,* 487 U.S. 266 (1988), a pleading is "filed" by a *pro se* prisoner when it is given to a prison official for mailing. The Court considers Plaintiff's Objections as timely filed under 28 U.S.C. § 636(b)(1), E.D. Mich. LR 72.(d)(2) and Fed.R.Civ.P. 6(a). The Court reviews below the Report and Recommendation in light of Plaintiff's timely Objections.

Upon further review of the Report and Recommendation the Court finds that the Magistrate Judge reached the correct conclusion for the proper reasons. The Court agrees with the Magistrate

Judge that Plaintiff has not shown that he has exhausted his available administrative remedies as to all claims against each named and served Defendant. The Magistrate Judge cited *Jones-Bey v. Johnson,* 407 F.3d 801, 807 (6th Cir. 2002) for the proposition that total exhaustion of all claims is required and that a prisoner case involving both exhausted and unexhausted claims must be dismissed. The Court is aware this issue is not yet settled within the Sixth Circuit, *see Spencer v. Bouchard,* 449 F.23d 721, 726 (6th Cir. 2006), and that the Supreme Court has granted certiorari on the issue. *See Williams v. Overton,* 125 S.Ct. 1463 (2006).

A review of the documents submitted by Plaintiff with his Complaint, as required by the Sixth Circuit, reveals that Plaintiff has not shown that he has fully exhausted his claims against the named Defendants. The only document that shows that a claim went through the Third Step Grievance stage is Grievance No. ECF-03-03-839-28a which appears to be a grievance against Dr. Brainard. (Docket Doc. 1-1, filed 5/25/05, pp. 31-33) Dr. Brainard appears to be a defendant in this matter who has not been served.

Another grievance, Grievance No. ECF-04-02-0293-28a, which may have gone through the Third Step Grievance stage but no Step III Grievance Response was included in the Complaint and the grievance does not identify a particular person who may be responsible. (Docket Doc. 1-1, filed 5/25/05, p. 29) The MDOC policy requires that a prisoner may grieve alleged violations of policy and procedure, unsatisfactory conditions of confinement, official acts, or denial of rights, through a three-step grievance procedure. (MDOC Policy Directive 03.02.130, PB) Merely grieving prison conditions, without identifying any particular person who may be responsible, is insufficient. *Gibbs v. Bolden,* 151 F.Supp.2d 854, 857 (E.D. Mich. 2001).

Based on the documents submitted by Plaintiffs with his Complaint, the Court finds that

Plaintiff has not shown that he has exhausted his claims against the named and served Defendants. Plaintiffs' Complaint is dismissed for failure to exhaust available administrate remedies.

Accordingly,

IT IS ORDERED that Magistrate Judge Scheer's Report and Recommendation dated November 10, 2005 is ACCEPTED and ADOPTED, in addition to the reasons set forth above.

IT IS FURTHER ORDERED that Plaintiff's Motion for Objection to the Report and Recommendation **(Docket No. 27, filed December 2, 2005)** is OVERRULED and DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to Present Additional Evidence **(Docket No. 28, filed December 2, 2005)** is MOOT.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File an Amended Complaint **(Docket No. 29, filed December 2, 2005)** is DENIED.

IT IS FURTHER ORDERED Plaintiff's Motion for Partial Summary Judgment **(Docket No. 31, filed December 12, 2005)** is MOOT.

IT IS FURTHER ORDERED that Plaintiff's Motion for Request for Admissions **(Docket No. 32, filed December 12, 2005)** is MOOT.

IT IS FURTHER ORDERED that this action is DISMISSED without prejudice for lack of exhaustion of administrative remedies.

                                               S/Denise Page Hood
                                               Denise Page Hood
Dated: September 30, 2006          United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2006, by electronic and/or ordinary mail.

                                               S/William F. Lewis
                                               Case Manager

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KEITH THOMPSON,

    Plaintiff,

                                                    Case No. 05-CV-72048-DT

v.

                                                    HONORABLE DENISE PAGE HOOD

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
_____/

**ORDER REGARDING POST-JUDGMENT MOTIONS**

This matter is before the Court on Plaintiff's various post-judgment motions. On November 30, 2005, Magistrate Judge Mona K. Majzoub filed a Report and Recommendation recommending that Defendants' Motions to Dismiss should be granted for failure to exhaust administrative remedies. The Court entered an Order accepting the Report and Recommendation on November 30, 2005, along with a Judgment dismissing the case.

On December 2, 2005, an Objection to the Report and Recommendation was filed by Plaintiff. Plaintiff's Proof of Service indicates Plaintiff served the Objections on November 28, 2005. Pursuant to the "prison mail box rule" of *Houston v. Lack,* 487 U.S. 266 (1988), a pleading is "filed" by a *pro se* prisoner when it is given to a prison official for mailing. The Court considers Plaintiff's Objections as timely filed under 28 U.S.C. § 636(b)(1), E.D. Mich. LR 72.(d)(2) and Fed.R.Civ.P. 6(a). The Court reviews below the Report and Recommendation in light of Plaintiff's timely Objections.

Upon further review of the Report and Recommendation the Court finds that the Magistrate Judge reached the correct conclusion for the proper reasons. The Court agrees with the Magistrate

Judge that Plaintiff has not shown that he has exhausted his available administrative remedies as to all claims against each named and served Defendant. The Magistrate Judge cited *Jones-Bey v. Johnson,* 407 F.3d 801, 807 (6th Cir. 2002) for the proposition that total exhaustion of all claims is required and that a prisoner case involving both exhausted and unexhausted claims must be dismissed. The Court is aware this issue is not yet settled within the Sixth Circuit, *see Spencer v. Bouchard,* 449 F.23d 721, 726 (6th Cir. 2006), and that the Supreme Court has granted certiorari on the issue. *See Williams v. Overton,* 125 S.Ct. 1463 (2006).

A review of the documents submitted by Plaintiff with his Complaint, as required by the Sixth Circuit, reveals that Plaintiff has not shown that he has fully exhausted his claims against the named Defendants. The only document that shows that a claim went through the Third Step Grievance stage is Grievance No. ECF-03-03-839-28a which appears to be a grievance against Dr. Brainard. (Docket Doc. 1-1, filed 5/25/05, pp. 31-33) Dr. Brainard appears to be a defendant in this matter who has not been served.

Another grievance, Grievance No. ECF-04-02-0293-28a, which may have gone through the Third Step Grievance stage but no Step III Grievance Response was included in the Complaint and the grievance does not identify a particular person who may be responsible. (Docket Doc. 1-1, filed 5/25/05, p. 29) The MDOC policy requires that a prisoner may grieve alleged violations of policy and procedure, unsatisfactory conditions of confinement, official acts, or denial of rights, through a three-step grievance procedure. (MDOC Policy Directive 03.02.130, PB) Merely grieving prison conditions, without identifying any particular person who may be responsible, is insufficient. *Gibbs v. Bolden,* 151 F.Supp.2d 854, 857 (E.D. Mich. 2001).

Based on the documents submitted by Plaintiffs with his Complaint, the Court finds that

2

Plaintiff has not shown that he has exhausted his claims against the named and served Defendants. Plaintiffs' Complaint is dismissed for failure to exhaust available administrate remedies.

Accordingly,

IT IS ORDERED that Magistrate Judge Scheer's Report and Recommendation dated November 10, 2005 is ACCEPTED and ADOPTED, in addition to the reasons set forth above.

IT IS FURTHER ORDERED that Plaintiff's Motion for Objection to the Report and Recommendation **(Docket No. 27, filed December 2, 2005)** is OVERRULED and DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to Present Additional Evidence **(Docket No. 28, filed December 2, 2005)** is MOOT.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File an Amended Complaint **(Docket No. 29, filed December 2, 2005)** is DENIED.

IT IS FURTHER ORDERED Plaintiff's Motion for Partial Summary Judgment **(Docket No. 31, filed December 12, 2005)** is MOOT.

IT IS FURTHER ORDERED that Plaintiff's Motion for Request for Admissions **(Docket No. 32, filed December 12, 2005)** is MOOT.

IT IS FURTHER ORDERED that this action is DISMISSED without prejudice for lack of exhaustion of administrative remedies.

                                            S/Denise Page Hood
                                            Denise Page Hood
Dated: September 30, 2006      United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2006, by electronic and/or ordinary mail.

                                            S/William F. Lewis
                                            Case Manager